UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LUCHA EL POR LIBERTAD, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | C.A. No. 22-10130-ADB |
| | * | |
| TROOPER RYAN CASEY, et al., | * | |
| | * | |
| Defendants. | * | |
| | * | |

ORDER

BURROUGHS, D.J.

On January 26, 2022, Lucha El Por Libertad, a pre-trial detainee in custody at the Essex County Correctional Facility, filed a *pro se* complaint and a motion for leave to proceed *in forma pauperis*. Dkt. Nos. 1, 2.

Because plaintiff failed to provide a copy of his prison account statement when he filed this action, his motion was denied. Dkt. No. 4. The court's order directed plaintiff either to pay the filing fee or file a renewed motion with a copy of his prison account statement. *Id.*

On February 9, 2022, plaintiff filed a renewed motion for leave to proceed *in forma pauperis*. Dkt. No. 5. By Memorandum and Order dated February 14, 2022, the court denied without prejudice the renewed motion for leave to proceed *in forma pauperis* and advised plaintiff that the complaint is subject to dismissal. Dkt. No. 6. The court advised plaintiff that if he elects to proceed with this action, he must file (1) a renewed motion for leave to proceed *in forma pauperis* accompanied by his certified prison account statement; and (2) an amended complaint setting forth a plausible claim upon which relief may be granted. *Id.* The court

directed plaintiff to respond in 28 days and warned him that if he failed to do so, the court would dismiss this action.  *Id.*

Also on February 14, 2022, the court received for filing several documents from plaintiff indicating that he was seeking to have the prison facility provide a copy of his prison account statement.  Dkt. No. 7.

On February 24, 2022, the court ordered plaintiff to file, on or before March 14, 2022, the following: (1) a renewed motion for leave to proceed *in forma pauperis* accompanied by his certified prison account statement; and (2) an amended complaint setting forth a plausible claim upon which relief may be granted.  Dkt. No. 8.  The order warned plaintiff that if he failed to do so, the court would dismiss this case.  *Id.*  In an effort to facilitate plaintiff's request for a copy of his prison account statement, the order directed the Clerk to send a copy of the order to the Treasurer's Office at the Essex County Correctional Facility.  *Id.*

To date, plaintiff has not responded to the court's order and the time to do so has expired.  The Treasurer's Office did file a copy of plaintiff's commissary account statement.  Dkt. No. 9.  However, plaintiff has not filed a renewed motion for leave to proceed *in forma pauperis* nor an amended complaint.  *See* Docket.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte for any of the reasons prescribed in Fed. R. Civ. P. 41(b)."  *Cintrn-Lorenzo v. Departamento de Asuntos del Consumidor*, 312 F.3d 522, 525-26 (1st Cir. 2002).  "Lack of diligent prosecution is such a reason."  *Id.*

Here, dismissal is appropriate because without plaintiff's active participation, the court cannot effect the advancement of the case to a resolution on the merits.

Accordingly, for the failure to comply with the February 17, 2022 Order, this action is hereby dismissed without prejudice. The Clerk is directed to enter a separate order of dismissal.

**SO ORDERED.**

April 12, 2022                                 /s/ Allison D. Burroughs
                                               ALLISON D. BURROUGHS
                                               UNITED STATES DISTRICT JUDGE